Scott McVarish, State Bar No. 198095
scott@immigrationhelpla.com
Immigration Law Office of Los Angeles, P.C.
6601 Center Drive West, Suite 500
Los Angeles, CA 90045
Telephone: (800) 792-9889
Fax: (800) 628-5605

**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Gokhan Kaya<br><br>Petitioner,<br><br>v.<br><br>SUSAN CURDA, District Director, USCIS Los Angeles District Office,<br><br>LEON RODRIGUEZ, Director U.S. Citizenship and Immigration Services,<br><br>LORI SCIALABBA, Deputy Director U.S. Citizenship and Immigration Services,<br><br>JEH JOHNSON, Secretary U.S. Department of Homeland Security,<br><br>LORETTA LYNCH, Attorney General U.S. Department of Justice,<br><br>Defendants. | Case No. 2:16-cv-8780<br><br>**PETITION FOR REVIEW OF DENIAL OF APPLICATION FOR NATURALIZATION PURSUANT TO 8 U.S.C. §1421(c) AND REQUEST FOR DE NOVO HEARING**<br><br>Agency File No.: A203 239 294 |

1. Petitioner Gokhan Kaya, through undersigned counsel, respectfully submits this Petition for Review seeking *de novo* judicial review, pursuant to 8 U.S.C. §1421(c), of the denial of his application for naturalization.[1]

## I. JURISDICTION

2. This is a civil action brought pursuant to 8 U.S.C. §1421(c) (jurisdiction of the district court to review denials of applications for naturalization).[2] This petition is timely filed because not more than 120 days have passed since the California District Office of U.S. Citizenship and Immigration Services ("USCIS") issued a final decision on July 29, 2016, denying Petitioner's N-336 request and affirming the denial of his application for naturalization. [3]

---

[1] *See* 8 U.S.C. §1421(c) ("A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."); 8 C.F.R. §310.5(b) ("After an application for naturalization is denied following a hearing before a Service officer pursuant to Section 336(a) of the Act, the applicant may seek judicial review of the decision pursuant to section 310 of the Act.").

[2] *See also* 8 C.F.R. §§310.5(b), 336.9. Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

[3] *See* 8 §336.9(b) ("… an applicant shall file a petition for review in the United States District Court … within a period of not more than 120 days after the Service's final determination.").

## II. VENUE

3. Venue lies in the Central District of California, the judicial district where Petitioner resides, pursuant to 8 U.S.C. §1421(c).[4]

## III. PARTIES

4. The Petitioner, Gokhan Kaya, is a citizen of Turkey. He has been a lawful permanent resident of the United States since March 7, 2011 and he resides in Cerritos, California. His alien registration number is A 203 239 294.

5. The Defendant, Susan Curda, is the District Director of the USCIS Los Angeles District Office located in Los Angeles, California. The USCIS Los Angeles District Office is responsible for, *inter alia*, adjudicating N-400 applications for naturalization filed by applicants within its jurisdiction, including the Petitioner. Susan Curda is sued in her official capacity.

6. The Defendant, Leon Rodriguez, is the Director of U.S. Citizenship and Immigration Services. USCIS is the component of the Department of Homeland Security (DHS) responsible for the administration of agency policies and the processing and adjudication of immigration applications. This included applications for naturalization.. She has the sole authority to naturalize persons

---

[4] "A person whose application for naturalization under this title is denied … may seek review of such denial before the United States district court for the district in which such person resides ….". *See also* 8 C.F.R. §336.9(b).

as citizens of the United States, by delegation of the Attorney General pursuant to 8 U.S.C. §1421(a). *See also* 8 C.F.R. §310.1. Leon Rodriguez is sued in his official capacity.

7. The Defendant, Lori Scialabba, is the Deputy Director of USCIS. USCIS is the component of the DHS responsible for the administration of agency policies and the processing and adjudication of immigration applications. This included applications for naturalization. She has the sole authority to naturalize persons as citizens of the United States, by delegation of the Attorney General pursuant to 8 U.S.C. §1421(a). *See also* 8 C.F.R. §310.1. Lori Scialabba, is sued in her official capacity.

8. The Defendant, Jeh Johnson, is the Secretary of Homeland Security. The DHS has authority over the administration and enforcement of immigration laws, policies, and procedures under U.S. law. Secretary Johnson is sued in his official capacity.

9. The Defendant, Loretta Lynch, is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103, she is charged with determining all issues of law pertaining to the immigration and naturalization of aliens under U.S. law. Attorney General Lynch is sued in her official capacity.

## IV. SUMMARY

10. This Petition is the culmination of a two-year struggle between Petitioner and U.S. immigration authorities over his naturalization application. The DHS has previously approved Petitioner's application for conditional legal status and later lawful permanent resident status through his valid marriage to his wife Araceli Villegas, a U.S. citizen. Petitioner then sought to apply for naturalization and become a U.S. citizen. He filed his N-400 Application for Naturalization with the DHS, the same agency which had previously approved both his conditional and permanent resident status based on their finding of his bona fide marriage to a U.S. citizen. For unknown reasons, the agency investigated the Kaya-Villegas marriage during Mr. Kaya's naturalization application and reversed its previous two findings that the marriage was bona-fide.

11. The Kaya-Villegas marriage began to have problems during the months immediately prior to Mr. Kaya's naturalization interview. USCIS took this misfortune and made unsupported findings. USCIS's position is that because Mr. Kaya and Ms. Villegas were experiencing marital difficulties at the time of naturalization interview this warranted a finding of a sham marriage. In matters of marital disharmony and disintegration, however, it is the married couple--

not a government agency-- that has the best insight into the state of matrimony. Here, both Mr. Kaya and Ms. Villegas consistently assert that their marriage was bona fide and that they lived in marital unity together for more than four years.[5] While they acknowledge the beginning of their marital difficulties in the period prior to Mr. Kaya's naturalization interview, they also state they were still working things out and hopeful to stay united as a married couple.

12. The DHS found Petitioner ineligible for naturalization based on the same set of facts in which it had originally found him eligible for conditional and later permanent legal residency. The DHS discounted and ignored the factual and legal findings of Mr. Kaya's previous two examining officers from the March 7, 2011 conditional residency interview and the April 28, 2013 adjustment of status interview.

13. There is no basis for DHS's decision or rationale in finding the Kaya-Villegas marriage to be a sham. The DHS alleged both that Mr. Kaya had not lived in marital union for the requisite time and that the marriage was a sham marriage. On their face, these two findings are contradictory. A petitioner could not have had <u>any</u> time living in a marital union if the marriage was sham marriage. Yet even DHS's calculations are erroneous on their face. There is no

[5] *See* Exhibit 1, Declaration of Araceli Villegas and Exhibit 2, Declaration of Gokhan Kaya.

dispute that the couple lived together for more than a year prior to the approval of the conditional residency. There is also no dispute hat they lived together for more than three years after the approval of the conditional residency from March 7, 2011 through to September 2014. This more than met the requisite three years of living together in marital union.

14. The evidence DHS cites to support its finding of a sham marriage is minimal: (a) the couple experienced marital difficulties at the time of the naturalization application;[6] (b) confusion on the part of Ms. Villegas about which USCIS form she had signed;[7] (c) the standard DHS claim of insufficient documents showing a bona fide marriage. This last DHS finding is the oddest in that USCIS had already found twice that the Kaya-Villegas documents were sufficient to prove a bona-fide marriage. DHS gives no explanation or evidence to warrant an overturning of its two prior findings during the conditional residency and permanent residency hearings holding the sufficiency of the documents. Even if these three DHS claims were true, this evidence does not warrant an overturning of the two hearing officers' prior findings of a bona fide marriage. None of these DHS assertions, however, are valid or supported by the

[6] *See* Exhibit 3, USCIS Denial of N-336 Appeal , July 29, 2016.
[7] *See* Exhibit 1 in which Ms. Villegas explains DHS's role in confusing her regarding the forms she signed.

evidence.

15. Petitioner has exhausted his administrative remedies and has no other recourse to challenge the government's denial of his naturalization application than through proceedings in this Court pursuant to 8 U.S.C. §1421(c). In such proceedings, Petitioner seeks *de novo* judicial review of the administrative record and a *de novo* hearing on any and all issues that the Court deems necessary and appropriate.

## V. FACTUAL BACKGROUND[2]

16. Mr. Gokhan Kaya is a 31 year old national and citizen of Turkey.[8] Mr. Kaya first came to the United States on or about May 28, 2006 on a student visa. Mr. Kaya met his wife Araceli Villegas and began dating her in 2009. He entered into a bona fide marriage with his spouse, Araceli Villegas, on June 30, 2010, a little less than a year after they began dating.[9] Ms. Villegas moved into the apartment of Mr. Kaya during the week of their marriage ceremony. Gokhan became a conditional resident of the United States on March 7, 2011, as a spouse of a U.S. citizen. His conditional status was based on the I-130 family petition and I-485 application filed by Ms. Villegas. The couple filed a joint petition to remove the conditions on his green card, signed by both parties,

---

[8] Exhibit 4, Mr. Kaya's Passport.
[9] Exhibit 5, Marriage Certificate.

and he was granted permanent resident status on April 28, 2013.[10] Their marriage was strong for the first four years after the wedding until they began experiencing difficulties.

17. Mr. Kaya applied for naturalization on May 27, 2014. In September 2014 Mr. Kaya moved out of his apartment he shared with his wife for what both thought would be a temporary time period. A year later, in October 2015, Ms. Villegas filed for divorce. Neither side has aggressively pursued the divorce and it is still pending.[11]

18. Unfortunately, Mr. Kaya's N-400 application was denied on October 1, 2015.[12] Per USCIS, the application was denied because the Petitioner had "not been living in marital union with your U.S. citizen spouse for the requisite time period," which is three 3 (years). Therefore, USCIS concluded, in error, that the couple did not live together for three year and that their marriage was a "sham marriage."

19. On November 2, 2015, through prior counsel, Mr. Kaya filed Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings and provided documentation to overcome the sham marriage findings. However,

---

[10] Exhibit 6, Legal Permanent Resident card.
[11] Exhibit 1, Spouse's Declaration.
[12] Exhibit 7, N-400 Denial.

on July 29, 2016 USCIS denied the N-336 request and reaffirmed the N-400 denial.[13] USCIS further stated that Mr. Kaya can request "judicial review of this final determination by filing a petition for review in the U.S. District Court … within 120 days of the date of this notice." This is Mr. Gokhan Kaya's timely request for judicial review. Mr. Kaya states that he entered into a bona fide marriage with Ms. Villegas, lived with her for over three years as husband and wife, and therefore the N-400 was denied in error. The N-336 Denial represents a final administrative decision on Mr. Kaya's application for naturalization.

## VI. CLAIMS

20. Petitioner seeks *de novo* judicial review of the denial by USCIS of his application for naturalization.[14]

---

[13] Exhibit 3, N-336 Denial.

[14] Pursuant to 8 U.S.C. §1421(c), "[a] person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." *See also* 8 C.F.R. §310.5(b) ("After an application for naturalization is denied following a hearing before a Service officer pursuant to Section 336(a) of the Act, the applicant may seek judicial review of the decision pursuant to section 310 of the Act."); 8 C.F.R. §336.9(b) ("… an applicant shall file a petition for review in the United States District Court … within a period of not more than 120 days after the Service's final determination.").

21. The decision by USCIS denying Petitioner's application for naturalization is incorrect factually and as a matter of law. The evidence of record establishes that Petitioner meets all of the requirements for naturalization under 8 U.S.C. §1427. Petitioner has been a lawful permanent resident of the United States for at least three years prior to the filing of his N-400 application. 8 U.S.C. §1427(a)(1). In fact, the Petitioner has now been a lawful resident for more than five years. He has resided continuously in the United States for at least five years prior to filing his application, has been physically present in the United States in excess of two and a half years in aggregate during the five years prior to filing his application, and has resided in California in excess of three months prior to filing his application. *See* 8 U.S.C. §1427(a)(1). He has been a person of good moral character during all relevant periods. *See* 8 U.S.C. §1427(a)(3). He has not been absent from the United States in excess of 6 months during the relevant period and thus has not broken the continuity of his residence. *See* 8 U.S.C. §1427(b). The issues of Petitioner's valid admission as a F-1 student and his acquisition of lawful permanent resident status through a good faith marriage have already been positively adjudicated by USCIS.

22. The evidence of record does not support the denial by DHS of Petitioner's application for naturalization. As a matter of fact and law, the

evidence of record supports the approval of Petitioner's naturalization application. Petitioner therefore seeks both *de novo* judicial review of the evidentiary record and a *de novo* hearing before this Court on his application for naturalization.

23. The denial of Petitioner's naturalization application is erroneous as a matter of law. Petitioner is prepared to fully brief these issues – and any other issues the Court deems appropriate – at the request of the Court.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that the Court:

1. Accept jurisdiction over this matter and review *de novo* Petitioner's application for naturalization;
2. Conduct a *de novo* hearing on Petitioner's application for naturalization concerning any and all issues the Court deems necessary or appropriate;
3. Approve Petitioner's application for naturalization;
4. Grant attorney's fees and costs of Court to Petitioner under the Equal Access to Justice Act ("EAJA");
5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of November 2016,

*By counsel,*

*/s/*

______________________________

Scott McVarish, Esq.
California Bar Number: 198095
Scott@immigrationhelpla.com
Immigration Law Office of Los Angeles, P.C.
6601 Center Drive West, Suite 500
Los Angeles, CA 90045
Telephone: (800) 792-9889
Fax: (800) 628-5605
*Counsel for Petitioner*